

NUMBER 13-16-00530-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JEFFERY JONES,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

**On appeal from the 66th District Court
of Hill County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Contreras**

In March 2016, pursuant to a plea agreement, appellant Jeffery Jones[1] pleaded

nolo contendere to possession of a controlled substance (methamphetamine) in an

---

[1] We note that, throughout the record, appellant's first name is variously spelled "Jeffrey" and "Jeffery." We have used the spelling that appears on the judgment adjudicating guilt and on the notice of appeal.

amount of less than one gram.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West, Westlaw through Ch. 49, 2017 R.S.).  The trial court deferred adjudication of guilt and placed him on community supervision for a period of five years.

In July of 2016, the State filed an amended "Application to Proceed to Final Adjudication," in which it alleged multiple violations of the conditions of appellant's community supervision, including possession of methamphetamine and drug paraphernalia.  At the revocation hearing on August 16, 2016, appellant pleaded "not true" to the State's allegations.  Based on evidence adduced at the hearing from law enforcement personnel, the trial court found several of the State's allegations "true," revoked appellant's community supervision, adjudicated him guilty, and sentenced him to twenty-four months in a state jail facility and imposed a $750 fine.  We affirm.

## I. *ANDERS* BRIEF[2]

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which she states that she has diligently reviewed the entire record and has found no non-frivolous issues.  *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).  Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal

---

[2] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 49, 2017 R.S.).

authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that she has (1) notified appellant that she has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response,[3] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) provided appellant with copies of the clerk's record and reporter's record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. More than an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's motion to withdraw and brief in support thereof, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order counsel to send a copy of the opinion and judgment to appellant and to advise him of his right to file a petition for discretionary review, within five days of the date of this opinion.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                                    DORI CONTRERAS
                                                    Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
 27th day of July, 2017.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.